# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DAVID TERRENCE STEPHENS,**
**D.O.C. # 059682,**

    Plaintiff,

vs.                          Case No. 4:16cv173-MW/CAS

**JULIES JONES, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was initiated by David Terrence Stephens on March 18, 2016. This is the third case submitted by Mr. Stephens in as many months. The beginning of this year, Mr. Stephens initiated case number 4:16cv05-WS/GJ. It was dismissed on February 1, 2016, because Mr. Stephens is a "three striker" and his complaint was "devoid of specific factual allegations" which would show he faced "imminent danger of serious physical injury at the time the complaint was filed." ECF No. 7 of that case.

Just 10 days later, on February 11, 2016, Mr. Stephens initiated case number 4:16cv88-MW/CAS. It was dismissed on March 11, 2016, also

because Mr. Stephens had "three strikes" and did not show he was under "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g).

This third civil rights complaint, ECF No. 1, remains deficient for the same reasons. The complaint filed by Mr. Stephens does not demonstrate that he meets the § 1915(g)[1] exception. The complaint, ECF No. 1, is against 79 Defendants,[2] located between the Department of Corrections' Central Office, Avon Park Correctional Institution, Okeechobee Correctional Institution, Liberty Correctional Institution, and Orlando, Florida. One of the named Defendants is a state court judge, another is a statewide prosecutor, and another is an assistant state attorney. Because so many Defendants are not physically located with Mr. Stephens, he cannot be in "imminent danger of serious physical injury."

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2] The complaint submitted in the second case was also against 79 Defendants. Indeed, the identical listing of Defendants. However, the statement of facts has been re-written and is somewhat different between case number 4:16cv88 and this case. Nevertheless, the Defendants there, and here, are located at numerous Correctional Institutions, and also named a state judge, a statewide prosecutor, and assistant state attorney as Defendants.

Case No. 4:16cv173-MW/CAS

The complaint also spans a wide range of time, beginning in 1998. It does not include any factual allegations more recent than 2014. The complaint is a typical shotgun pleading and is not limited to any specific claim of imminent physical injury. There is no need to give this pleading more than a cursory review as Mr. Stephens has made no effort to present a short and plain statement of his claim, supported by clear factual allegations, which show he is under imminent danger of serious physical injury as required by Rule 8(a) and 28 U.S.C. § 1915(g).

It is recommended that this case be dismissed sua sponte pursuant to 28 U.S.C. § 1915(g). Mr. Stephens has accumulated more than "three strikes" under § 1915(g)[3] and has not demonstrated that he is in imminent danger of serious physical injury. In dismissing this case and denying the motion for in forma pauperis status, ECF No. 2, all other pending motions should also be dismissed. Dismissal should be without prejudice to the refiling of this action upon payment of the full $400.00 filing fee at the time of case initiation. Should Mr. Stephens again attempt to re-file this case in

---

[3] The cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include case no. 6:01cv1512, case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536, case no. 8:09cv194, and case no. 8:11cv1342. *See* case no. 8:13cv1397. Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including case no. 8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

Case No. 4:16cv173-MW/CAS

this Court, he should be warned that his complaint must comply with Rule 8(a) and may not present claims which are clearly time barred.

In the alternative, if Mr. Stephens believes he is in imminent danger of serious physical injury from a specific person, he may file a new case. Any such case must be limited to no more than ten pages, and Mr. Stephens must present clear and legible factual allegations demonstrating the reason he is in danger.  Such a case must be against a Defendant physically located with Mr. Stephens, and may not include a multitude of Defendants.  The factual allegations must be of recent events.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion for in forma pauperis status, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and all other pending motions be **DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2016.

                                       S/     Charles A. Stampelos

**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.